**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-4663 |
| ) | |
| MICHELE LEONHART, et al., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kimberly Sutherland, a retired attorney, filed *pro se* a petition for writ of mandamus against Michele Leonhart, Administrator of the United States Drug Enforcement Administration (DEA), Robert Mueller, Director of the Federal Bureau of Investigation (FBI), and Eric Holder, Attorney General the United States (collectively, the "Federal Defendants"), and against Lisa Madigan, Attorney General of Illinois, and Patrick Quinn, Governor of Illinois (collectively, the "State Defendants"), all in their official capacities. [1.] Plaintiff alleges that the defendants "ignore their duty to investigate" several practices—most notably, doctors creating false patient records to illegally divert opiates, and hospitals engaging in double billing—and seeks to compel the defendants to remedy the problem. [1 at 1.] Before the Court are the Federal Defendants' and the State Defendants' motions to dismiss for failure to state a claim and lack of jurisdiction. [8, 10.] For the reasons stated below, the motions [8, 10] are granted, and Plaintiff's petition is dismissed without prejudice.

**I.  Background**

Plaintiff's petition stems from her frustration with the defendants' alleged indifference to her complaints about a June 2009 emergency room visit to Northwestern Memorial Hospital.

Plaintiff went to the hospital with a wounded right foot but refused pain pills. [1 at 7.] Plaintiff's hospital records, however, showed that an opiate prescription had been prepared in Plaintiff's name. [1 at 7-8.] According to Plaintiff, the hospital also engaged in double billing in connection with Plaintiff's visit. [1 at 29.] Plaintiff attempted to bring complaints regarding the hospital's suspicious practices to the Illinois Department of Financial and Professional Regulation (IDFPR), the DEA, and the FBI, but no investigation materialized.

In Count I, Plaintiff alleges that the DEA and the Attorney General failed to fulfill their duty to enforce the Controlled Substance Act, 21 U.S.C. §§ 801 *et seq.*, by "fail[ing] to investigate or prosecute numerous complaints that doctors * * * create false patient records to cover their own illegal diversion of opiates." [1 at 2, 6.] In Count II, Plaintiff alleges that the FBI and the Attorney General failed to fulfill their duty to enforce the healthcare fraud statute, 18 U.S.C. § 1347, by "fail[ing] to investigate and prosecute systemic health care fraud." [1 at 2, 23.] Plaintiff requests a writ of mandamus compelling the Federal Defendants to engage in various actions to remedy the problem she identified. [1 at 20-21, 38-39.] The Federal Defendants have moved to dismiss these counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

In Count III, Plaintiff alleges that the State Defendants "aid and abet health care billing fraud," in violation of 18 U.S.C. § 1347, by "failing to enforce Illinois statutes that require medical providers to send transparent, comprehensible, itemized medical bills." [1 at 2, 40.] And in Count IV, Plaintiff alleges that the Governor of Illinois "aids and abets" violations of 21 U.S.C. §§ 801 *et seq.* and 18 U.S.C. § 1347 by "allow[ing] the [IDFPR] to do sham investigations into misconduct of doctors and pharmacists." [1 at 2, 50.] Plaintiff requests a writ of mandamus compelling the State Defendants to engage in various practices to remedy the

problem she identified. [1 at 49, 56-57.] The State Defendants have moved to dismiss these counts pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. The Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

In evaluating a motion brought pursuant to Rule 12(b)(1), the Court similarly accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The Court also has the authority "to look behind the plaintiff's allegations and make factual findings for purposes of assessing its subject matter jurisdiction." *Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003).

**III.     Analysis**

   **A.     Counts I and II**

In Counts I and II, Plaintiff alleges that the Federal Defendants have failed to investigate and prosecute systemic health care fraud and requests a writ of mandamus compelling them to remedy the problem. The Federal Defendants move to dismiss these counts because Plaintiff cannot show entitlement to issuance of the writ.

Mandamus is an "extraordinary remedy," only available when there is "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; [and] (3) no other adequate remedy available." *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989). The writ "is intended to provide a remedy for a plaintiff * * * only if the defendant owes him a clear *nondiscretionary* duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (emphasis added); see also *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988). Because "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion," *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), courts have held that mandamus is not available to compel federal agencies to investigate or prosecute civil or criminal cases. See, *e.g.*, *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982); *City of Milwaukee v. Saxbe*, 546 F.2d 693, 701 (7th Cir. 1976).

Here, Plaintiff in Counts I and II fails to identify a specific legal duty that the Federal Defendants are required to perform. Instead, Plaintiff suggests that the Federal Defendants failed to fulfill their duties to enforce the Controlled Substances Act and the healthcare fraud statute. But these statutes do not require the Federal Defendants to investigate or prosecute particular allegations; nor do they create a right in Plaintiff to the relief she seeks. Rather, these statutes

4

establish the substantive offenses that Plaintiff believes were committed. As the Federal Defendants correctly note, if obtaining a writ of mandamus only required a plaintiff to identify a substantive law he felt was under-enforced, then the writ would be readily available and not an "extraordinary remedy."

### B. Counts III and IV

In Counts III and IV, Plaintiff alleges that the State Defendants have aided and abetted violations of federal law by failing to enforce Illinois statutes and allowing the IDFPR to do sham investigations into misconduct of doctors and pharmacists. Plaintiff requests a writ of mandamus compelling the State Defendants to remedy the problem. The State Defendants move to dismiss these counts pursuant to the Eleventh Amendment.

Whether seen as a jurisdictional bar, see *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984), or as a matter of sovereign immunity, see *Smith v. Dep't of Agric.*, 23 F.3d 1134, 1139-40 (7th Cir. 1994), the Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities," *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). *Ex parte Young* provides a basis for injunctive relief against state officials otherwise immune from suit where there is an ongoing violation of federal law. *Id.* at 371. But *Young* is inapplicable in a suit against state officials on the basis of state law. *Pennhurst*, 465 U.S. at 106 ("On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). "Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Id.* at 121.

Here, the crux of Counts III and IV is that the State Defendants failed to fulfill their duties under Illinois law to enforce Illinois statutes. Because Plaintiff seeks to compel state officials to conform their conduct to state law, her suit belongs in state court. Allowing Plaintiff to amend her petition to allege federal question jurisdiction [13 at 8], would not remedy this problem. Moreover, Plaintiff has pleaded no private right of action to enforce the federal statutes that she believes were violated.

**IV.    Conclusion**

For these reasons, the Court grants the Federal Defendants' and the State Defendants' motions to dismiss [8, 10] and dismisses Plaintiff's petition without prejudice.

Dated:  May 23, 2012 _____
Robert M. Dow, Jr.
United States District Judge