# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4663 | **DATE** | 12/7/2012 |
| **CASE TITLE** | Sutherland vs. Leonhart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider and vacate the Court's prior order dismissing her complaint [20] is respectfully denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In this case, Plaintiff has brought an action seeking a writ of mandamus against various federal and state officials pursuant to 28 U.S.C. § 1361. As the Court explained in its earlier opinion granting Defendants' motions to dismiss [18], mandamus is an "extraordinary remedy" that may be invoked by a court only where the official in question owes the plaintiff "a clear nondiscretionary duty" to act in a certain fashion. The Court previously concluded that (1) Plaintiff could not satisfy the exacting standards for the issuance of the requested writ sought in Counts I and II as to the federal officials and (2) the Court lacked the authority to consider Plaintiff's state law claims asserted in Counts III and IV against the Defendant state officials.

In her motion for reconsideration, Plaintiff quarrels with the Court's summation of the factual allegations of her complaint and the applicable law, contending that the Court omitted key facts and/or legal principles. After taking a fresh look at the complaint and the pertinent law, the Court sees no basis for revisiting its prior disposition. While the Court's opinion summarizes Plaintiff's allegations rather than reciting them verbatim and *in toto*, the Court has considered the totality of the allegations, accepting them as true for present purposes. Nonetheless, as previously explained, there is no basis for compelling any of the Defendants to act pursuant to a writ of mandamus.

As to Counts III and IV, Plaintiff further argues that the Court overlooked the allegations of the complaint alleging that the Defendant state officials violated federal law. Plaintiff styled both of those counts as "Pendant Count under Illinois Law" and the gravamen of each is that Defendants failed to fulfill certain duties under Illinois law to enforce Illinois statutes. Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), those claims – asking a federal court to compel state officials to follow state law – are not cognizable in federal court for the reasons stated in the Court's prior opinion. To the extent that Plaintiff does reference federal law in Counts III and IV, it is to allege that Defendants have aided and abetted violations of federal criminal statutes under Titles 18 and 21 of the United States Code. As the Court previously explained, Plaintiff has no private right of action to enforce those statutes; only the Department of Justice, through its United States Attorneys, may initiate federal criminal prosecutions. See, *e.g.*, *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Jones v. GES Exposition Serv., Inc.*, No. 02 C 6243, 2004 WL 2011396, at *7 (N.D. Ill. Sept. 7. 2004). For that reason,

**STATEMENT**

Plaintiff's proposal to amend her complaint to allege federal question jurisdiction would be futile.

For the sake of clarity, the Court will specifically address the subparagraphs of Plaintiff's prayer for relief as set forth in her motion for reconsideration. First, the exhibits to supplement complaint attached to the motion for reconsideration already are part of the record; thus, the Court need not grant Plaintiff leave to file those exhibits. Second, the request to amend Counts III and IV to allege federal question jurisdiction is denied for the reasons set out above and in the Court's prior opinion. Third, the motion to reconsider and vacate the prior opinion is denied. Fourth, because the Court previously entered judgment [19], its prior order was (and is) final and appealable, and the time for filing a notice of appeal runs from today's date, as this opinion disposes of the last remaining post-judgment motion. See Federal Rule of Appellate Procedure 4(a)(4)(A)(iv).